G4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE FERGUSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 08 C 6285 |
| ) | |
| COOK COUNTY DEPT. OF CORR., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

Andre Ferguson ("Ferguson") and Jeremy Higgins ("Higgins") have joined in a complaint against the Cook County Department of Corrections ("County Jail"), Sheriff Tom Dart, County Jail Superintendent Thomas and others, complaining of conditions at the County Jail and asserting that their constitutional rights have been violated. This memorandum order is issued sua sponte because of a number of problems posed by the Complaint and this action itself.

To begin with, this Court's August 19, 2008 memorandum order ("Order") in one of the several earlier cases brought by Ferguson (Ferguson v. Dart, Case No. 08 C 4686) had explained that no further lawsuits on his part would be entertained while he remained delinquent in his long-existing financial obligations to this District Court. Although the Order did identify a limited exception to that prohibition, the current Complaint does not fit within that exception. Accordingly Ferguson is dismissed as a

plaintiff--but what is said hereafter would apply to him as well as to Higgins if he were to cure his delinquency and try to sue again.

Next, nonlawyers such as Ferguson and Higgins cannot bring a class action in which they represent others, as Complaint ¶III.G seeks to do. And that being the case, each would have only an individual action that would have to be brought separately, rather than as coplaintiffs.

Next--and requiring the current dismissal of the Complaint and action without prejudice as to Higgins as well--the Complaint here has not attempted (let alone made) any showing as to the exhaustion of all available administrative remedies, which 42 U.S.C. §1997e(a) makes a precondition to the bringing of any lawsuit with respect to prison conditions. If and when Ferguson or Higgins proceeds with such remedies and carries them through to exhaustion (and, as to Ferguson, if he also cures the already-identified delinquency), he may reinstitute his claim through a new lawsuit.

Finally, if any such new lawsuit is begun by either Ferguson or Higgins, he must not only submit a current In Forma Pauperis Application (both of their present submissions have omitted the signature page) but must also accompany the application with a printout showing all transactions in his trust fund account at County Jail for the six-month period before filing the new

complaint (see 28 U.S.C. §1915(a)(2)). That submission is required so that this Court can determine not only a plaintiff's entitlement to in forma pauperis treatment but also the installment payments required toward payment of the $350 filing fee.

Accordingly both the Complaint and this action are dismissed. As stated earlier, such dismissal is without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 5, 2008